# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| **Enrique Vales and Gloria Vales,** | Bankruptcy No. 22-00703 |
| Debtors. | Hon. Donald R. Cassling |

## NOTICE OF MOTION

Please take notice that on Thursday, June 30, 2022, at 9:30 A.M., or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Donald R. Cassling, United States Bankruptcy Judge for the Northern District of Illinois, and then and there present the attached **Debtor's Application to Employ Gary Annes as Personal Injury Counsel,** a copy of which is attached hereto and herewith served upon you.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video,** use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone,** call Zoom for Government at 1-669-254-5252 or 1-646-828- 7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 161 414 7941 and the password is 619. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

{00222920 2}

|  |  |
|---|---|
| Dated: June 22, 2022 | **Enrique Vales and Gloria Vales,** |
|  | By: */s/ Justin R. Storer* <br> One of their Attorneys |

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 373-7226
Fax:    (847) 574-8233
Email:  jstorer@wfactorlaw.com

## CERTIFICATE OF SERVICE

I, Justin R. Storer, an attorney, hereby certify that on June 22, 2022, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Motion* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below Service List and by US Mail on all persons identified as Non-Registrants on the below Service List.

*/s/ Justin R. Storer*

### SERVICE LIST

**Registrants**
(Service via ECF)

| | |
|---|---|
| **Thomas Hooper** | thomas.h.hooper@chicagoch13.com |
| **Cari Kauffman** | ckauffman@sormanfrankel.com |
| **Patrick S. Layng** | USTPRegion11.ES.ECF@usdoj.gov |

**Non-Registrants**
(Service via U.S. Mail)

| **Enrique and Gloria Vales**<br>3801 W. Addison St., 3rd Floor<br>Chicago, IL 60618 | **Gary Annes**<br>Abels & Annes, P.C.<br>100 N. LaSalle, Suite 1710<br>Chicago, IL 60602 |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 13 |
| **Enrique Vales and Gloria Vales,** | Bankruptcy No. 22-00703 |
| Debtors. | Hon. Donald R. Cassling |

## DEBTORS' APPLICATION TO EMPLOY GARY ANNES AS PERSONAL INJURY COUNSEL

On June 3, 2022, subsequent to confirmation of Enrique Vales's and Gloria Vales's chapter 13 plan, Enrique was hit by a car. He was a pedestrian, crossing Belmont Avenue, and suffered extensive injuries that required hospitalization.

The Debtors have engaged Gary Annes and the law firm of Abels & Annes, P.C., to assist them with reference to Enrique's injury, including settling or litigating their claims relating to the same.

The Debtors respectfully request authority to retain Gary Annes and his firm as personal injury counsel pursuant to 11 U.S.C §§ 105(a), 327(a), 328(a) and Rule 2014 of the Federal Rules of Bankruptcy Procedure, and in support of the requested relief state as follows:

### JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

{00222920 2}

2. Venue of the above-captioned case (the "*Case*") and of this motion is proper in this Judicial District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A) and (O).

## BACKGROUND

3. On January 21, 2022 (the "***Petition Date***"), the Debtors filed a voluntary petition for relief under chapter 13 of title 11, United States Code (the "***Bankruptcy Code***"), thereby initiating the Case.

4. The Debtors' chapter 13 plan was confirmed on March 10, 2022. It has been since modified, but continues to provide a 100% dividend to allowed general unsecured creditors.

5. On June 3, 2022, Enrique – a pedestrian – was struck by an automobile. He required hospitalization, and will require at least one surgery.

6. The Debtors seek to engage Gary Annes, and the law firm of Abels and Annes, P.C., to assist them with reference to Enrique's injury.

7. The debtors recognize a conflict amongst the Courts as to whether court authority is required for debtors to employ professionals in chapter 13. The integrity of the estate and the opportunity for the Court and trustee to evaluate proposed professionals suggest that, at minimum, seeking Court approval is the better course of action.

8.  Annes agrees to represent the Debtors on a one-third contingency fee arrangement, at the terms contained in the engagement agreement attached to this application as **Exhibit 1**.

9.  The declaration of Gary Annes in support of this application is attached as **Exhibit 2**.

## DISCUSSION

10. Section 327(a) of the Bankruptcy Code provides that the Trustee may, subject to court approval, employ attorneys or other professional persons that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent the trustee.

11. Though accruing postpetition, the Valeses' rights relating to Enrique's injury constitute property of the estate, pursuant to 11 U.S.C. § 1306(a)(1).

12. A debtor in chapter 13 has the powers of a trustee under – as relevant here – 11 U.S.C. § 363(b).

13. Any settlement in this matter would be use of estate property other than in the ordinary course of business, as contemplated in 11 U.S.C. § 363(b).

14. Despite the "vesting" of the estate upon plan confirmation, the prevailing theory provides that postpetition property nonetheless "replenishes" the estate (*see, e.g., In re Powell*, 2022 WL 1043502 (Bankr. C.D.Ill. 2022)), and this Court, the Trustee, and creditors should remain

{00222920 2}

appraised of what happens to valuable postpetition property, including assuring that disinterested parties represent the Debtor with reference thereto.

15. Furthermore, under 11 U.S.C. § 329(a), "any attorney representing a debtor in a case under this title, or in connection with such a case" shall file with the Court a statement of the compensation paid or agreed to be paid. Relating to estate property as it does, Annes's representation may be "in connection" with the case. For this reason, disclosure of the fee arrangement between the Debtors and Annes is appropriate.

16. Notwithstanding the foregoing, many courts believe that Debtors do not need authority to employ counsel in chapter 13. Section 327(a) of the Bankruptcy Code provides that the Trustee may employ attorneys, not the Debtors. As such, by implication, a chapter 13 debtor does not need court authority to employ counsel to assist such debtor. The undersigned is aware that other Judges of this Court have denied chapter 13 Debtors' requests to employ professionals on these grounds. Even if this motion lacks specific support in the Code, the Debtors submit it seeking to provide stakeholders with transparency, and submit that this Court has authority under 11 U.S.C. § 105(a) to grant the relief requested.

{00222920 2}

17. The Debtors have already amended their schedules, estimating a $250,000.00 value for this claim (it will likely be a matter of the driver's policy limits).

**NOTICE**

18. Notice of this motion was provided to: (a) the Debtors; (b) the standing trustee, (c) the US Trustee, and (d) all other parties requesting notice and/or receiving notice through the CM/ECF system

**WHEREFORE,** Enrique Vales and Gloria Vales pray this Court enter an order authorizing them to employ Gary Annes and the firm of Abels & Annes, P.C., as personal injury counsel, and that this Court issue such other relief as may be just and proper.

Dated: June 22, 2022

**Enrique Vales and Gloria Vales,**

By: */s/ Justin R. Storer*
One of their Attorneys

Justin R. Storer (6293889)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:    (312) 373-7226
Fax:    (847) 574-8233
Email:  jstorer@wfactorlaw.com

{00222920 2}